TRAVELERS INSURANCE COMPANY, a corporation of the State of Delaware, *v.* E. I. DU PONT DE NEMOURS AND COMPANY, a corporation of the State of Delaware.

TRAVELERS INSURANCE COMPANY, a corporation of the State of Delaware, *v.* R. E. CARRICK COMPANY, a corporation of the State of Delaware.

TRAVELERS INSURANCE COMPANY, a corporation of the State of Delaware, *v.* TURNER CONSTRUCTION COMPANY, a corporation of the State of Delaware.

(*November* 7, 1939.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Marvel, Morford* and *Logan* for plaintiff.

*Richards, Layton and Finger* for defendant, E. I. duPont de Nemours and Company.

*William Prickett* for R. E. Carrick Company and Turner Construction Company, defendants.

Superior Court for New Castle County, Nos. 211, 210 and 212, September Term, 1938.

RODNEY, J., delivering the opinion of the Court:

As the same question is presented by the demurrers in all three cases, they will be considered together.

In the present cases, arising upon demurrers to the declarations, we shall assume those facts which the declarations disclosed:

1. That the death of Lewis W. Handy was caused by the negligence of the third person *tort feasor*.

2. That the widow of Lewis W. Handy survived him but had been separated from him for some twenty-one years, and was not dependent upon him for support.

3. That the mother of the deceased also survived him and was dependent upon him for support, and that the deceased left neither father nor children.

Upon the death of Lewis W. Handy on July 8, 1936, his widow, pursuant to the express provisions of *Sec.* 4638, could "maintain an action for and recover damages for the death and loss thus occasioned." This right of action arose immediately upon the death of Handy. Upon that death

and before any question of dependency or subrogation could arise or be determined, the right of action for damages existed in the widow and in the widow alone, unless, as contended by the plaintiff, this right was destroyed by the *Compensation Act.* Subsequently, on July 13, 1937, Hester Handy, the mother, made a claim for and received compensation as a dependent. The present plaintiff, the insurer of the employer, having paid compensation, brought the present actions. The contention of the plaintiff is that the *Compensation Act* is amendatory of the *Death Act,* and that immediately upon receiving compensation the dependent of the deceased is invested with a right of action under the *Death Act,* which right in turn passes to the employer or insurer paying compensation.

With this contention we cannot agree, and in order to make our views clear we must first consider the purpose and nature of the subrogation clause. *Sec.* 6108, as we have seen, provides:

"If compensation is awarded under this chapter, the employer having paid the compensation or having become liable therefor, shall be subrogated to the rights of the injured employee, or of his dependents to recover damages against such third person, and may recover in his own name or that of the injured employee from the other person in whom legal liability for damages exists, * * *."

Now to us it is quite obvious that the subrogation clause is solely for the benefit of the employer who has paid or become liable for compensation. The employer having paid or become liable for compensation, regardless of the fault or cause of injury, is thus subrogated to the rights of those persons to whom such compensation has been paid. The obvious purpose is that the person to whom compensation is paid, whether it be the person injured or other person having a claim against the third person *tort feasor* shall not collect both the statutory compensation and also the full damages for the injury, but that the employer having paid the compensation is equitably entitled (or sub-

rogated) to the right against such third person liable for the injury. The employer then having recovered damages from the third person liable for the injury is only entitled to retain from such damages the amount of compensation for which he was liable (together with costs) and the balance must be paid to "the employee or dependents", which must mean that person or persons whose rights had been subrogated and who would have been entitled had there been no subrogation.

The provision for subrogation is not an enlargement of any right existing in the injured employee, or existing in any other person in the event of the employee's death. It is, on the contrary, an express limitation of the right that the employee or certain designated persons would have if *Sec.* 6108 had never existed or should be repealed, viz.: the right to recover and retain full benefit under *Sec.* 4638, commonly called the *"Death Act,"* for it is only the rights under the *"Death Act"* that are subrogated.

The plaintiff contends that when the *Statute* (*Sec.* 6108) provides that the employer "shall be subrogated to the rights of the injured employee, or of his dependents to recover damages against such third person, such provision operates as an implied amendment to the *Death Act*, and creates rights in the dependents, as such, to recover damages against such third person, which rights are in turn subrogated to the employer. This contention must be briefly examined.

Now the injured employee has a right of action against the third person causing the injury, or he has a claim against the employer for compensation, but under the words of the *Statute* (*Sec.* 6108) "he shall not proceed against both". He has the election and if he chooses to take compensation then comes into play the statutory subrogation of the other right. So, too, in the case of the

death of the employee, a dependent widow has an election. Having a right to compensation as a dependent, she may elect that benefit or rely upon her right of action under the *"Death Act."* If she takes compensation then her right of action (under the *Death Act*) is subrogated to the employer. Certain inequitable considerations may arise in the right of the employer to control the litigation and limit the recovery, by settlement or otherwise, to the exact amount of compensation paid by such employer, and thus defeat the claim of the injured employee or widow to the excess damages which might be collectible above the amount of compensation paid. We shall, however, not pause to discuss this question.

■ If there be no dependent widow then the *Compensation Statute* (*Sec.* 6081) provides for compensation to a series of persons in their order, subject always to the requisite of dependency. To child or children; to father and mother; to brothers and sisters. The word "child" also includes step-children, adopted children and other children to whom the deceased stood in *loco parentis*.

Now none of these classes or persons had, prior to the passage of the *Compensation Law,* any right of action growing out of the injury or death of the employee.

The acceptance or grant of compensation by or to them did not involve any election or option on their part as to whether they would take compensation or rely upon their action under the *Death Act,* for no such latter right had existed.

■ If, upon the payment of compensation to dependents, the employer is subrogated to the rights of the dependents, it must be to such rights as would exist in such dependents if such compensation had not been paid. For a right to be subrogated to another such right must exist in the person from whom it is taken. When the Legisla-

ture stated that the employer having paid compensation shall be subrogated to certain rights, it must have meant that these rights had existed in the person to whom the compensation was paid, and at the time the compensation was paid. For us to consider that there exists in dependents, generally, rights which are subrogated to the employer, we must consider that the *Compensation Law* impliedly amends the *Death Act* and gives cause of action, regardless of compensation paid or allowed, to dependent children (whether natural children, step-children, adopted children, or others to whom the deceased stood in *loco parentis*) ; to dependent parents or to dependent brothers and sisters. If these causes of action exist in these designated persons, under the *Death Act,* regardless of compensation paid, they are, of course, then in addition to and not instead of the former statutory right under the *Death Act* of a non-dependent widow.

If we are correct in assuming that the contention of the plaintiff must logically lead to the contention that the *Compensation Law* vests rights of action in dependents of the deceased whether compensation was paid or not, then upon the death of a person where legal liability was created against a third person it would be entirely impossible to determine in whom a right of action existed. This right by the *Death Statute* would be in the widow, but for it to exist in others there must be a showing of dependency. If compensation was claimed and paid, this right to be subrogated would exist only upon the finding of dependency by the Compensation Board; if no claim for compensation be made but the right still exists in dependents, then the status of dependency might be required to be found by the jury in a suit brought under the *Death Act.*

We cannot so construe the *Compensation Act* or attribute to the Legislature an intention, by mere implica-

tion, to destroy the plain provisions of existing law and to substitute numberless uncertainties and doubts.

We are of the opinion that when the Statute says that an employer having paid compensaton "shall be subrogated to the rights of the injured employee, or of his dependents to recover damages against such third person," it means that the employer is subrogated to the extent that the employer has become liable to a dependent to whom the wrong doer is also liable under the provisions of the *Death Act*. We do not think that our *Compensation Act* creates any new rights of action for wrongful death, separate or apart from the *Death Act* itself, not does it enlarge upon the designated beneficiaries under the *Death Act*. What it does accomplish is the subrogation of the employer in those cases where he has paid compensation to dependents who, regardless of the *Compensation Law,* had a right of action, and these latter rights are those which are subrogated.

We have purposely avoided the citation of authorities from other States. The varying language of the several *Compensation Acts* makes each authority dependent on the language of the Statute. Our conclusion, we think, is amply supported by reason and authority. We merely refer to the great number of cases collected in *Gones v. Fisher,* 286 *Ill.* 606, 122 *N. E.* 95, 19 *A. L. R.* 766; *O'Brien v. Chicago City R. Co.,* 305 *Ill.* 244, 137 *N. E.* 214, 27 *A. L. R.* 493; *Reutenik v. Gibson Packing Co.,* 132 *Wash.* 108, 231 *P.* 773, 37 *A. L. R.* 838; 67 *A. L. R.* 275; *Brainard's Cottonwood Dairy v. Ind. Comn.,* 80 *Utah* 159, 14 *P.* 2d 212, 88 *A. L. R.* 665, and *McGraw v. Siegel,* 221 *Iowa* 127, 263 *N. W.* 553, 106 *A. L. R.* 1040.

There then remains but the question as to whether the views herein expressed are in any conflict with the case of *Silvia v. Scotton,* [1923] 2 *W. W. Harr.* (32 *Del.*) 295, 122 *A.* 513. We do not think they are when the facts of the

cited case are kept in mind. The present plaintiff contends that in the *Scotten* case the Court by the use of the word "dependents" recognized that certain rights under the Death Act existed in those persons who were found to be dependents under the provisions of the *Compensation Act*. We must then inquire as to the facts of the *Scotten* case to see just what questions the Court had before it for determination.

The Record as filed in the Supreme Court shows that one Joseph Silvia, an employee of D. E. O'Connell & Son, met his death on June 1, 1920, as a result of an automobile accident caused, it was alleged, by the negligence of an employee of George P. Scotten & Sons; that upon the death of Joseph Silvia, his widow, Mary Silvia, claimed compensation from D. E. O'Connell & Son, the employer; that on July 20, 1920, "D. E. O'Connell & Son and the said Mary Silvia and other the dependents of the said Joseph Silvia, reached an agreement with respect to compensation" under the *Delaware Workmen's Compensation Law*.

Subsequently, Mary Silvia, as widow, brought an action in her own name, pursuant to the *"Death Act"* (*Revised Code* 1935, *Sec.* 4638), said suit being No. 37 January T. 1921 of Superior Court in and for New Castle County. To this declaration the defendant filed a special plea setting forth that Mary Silvia, the widow, had claimed compensation from the employer and the subsequent agreement as to compensation as indicated above. To this special plea the plaintiff demurred and the Superior Court, in a written opinion, embodied in the Supreme Court Record, considered only the fact as to whether Mary Silvia, the widow, by accepting compensation had barred her right to proceed under the *Death Act*. The Court held she had done so and overruled the demurrer to the special plea.

The plaintiff in the original suit then by replication

to the special plea contended that the agreement between herself and D. E. O'Connell & Son for compensation was made upon the express understanding that she would receive the compensation and then proceed to bring the suit and repay to O'Connell from the amount recovered in the suit such amount as had been paid to her under the *Compensation Law*. To this replication the defendant demurred and the Superior Court in another written opinion sustained this demurrer. The only question considered was as to the proper party to enforce the widow's right of action under the *Death Act* after she had accepted compensation under the *Compensation Act*.

The only assignments of error in the Supreme Court were (1) the action of the Superior Court in overruling the demurrer of the plaintiff to the special plea of the defendant, and (2) sustaining the demurrer to the replication. Both had solely to do with the right of the widow under the *Death Act* (1) as to whether the right still existed, and (2) in whom the right existed.

In the Supreme Court, Chancellor Wolcott said, [2 *W. W. Harr.* (32 *Del.*) 295, 122 *A.* 514]:

"We conceive that two inquiries are involved, viz.: (1) May the third person *tort-feasor* be sued after compensation has been accepted under the *Workmen's Compensation Act?* (2) If so, in whose name must the suit be instituted?"

It is obvious that he could not have been considering and discussing anything beyond the right of the widow under the *Death Act,* for that was the only suit that had been brought, and the matter in the Supreme Court involved solely the proceedings in that identical suit. No suit had been brought by or in behalf of the children or dependents, and no question of the dependents was raised. A critical examination of the records in the Supreme Court, including the original declaration, and opinions and briefs in the Supreme Court, shows that the only matter presented

was the right of the widow to maintain the suit that she had brought.

It is quite possible that the words "and dependents" crept in the language of the Supreme Court because the special plea had alleged that the widow "and dependents" had entered into an agreement as to compensation. The agreement was made solely by the widow and the *Compensation Law (Rev. Code* 1935, *Sec.* 6081) provides:

"Such compensation to the widow or widower shall be for the use and benefit of such widow or widower and of the dependent children * * *."

It is certain that no right or interest of the dependents, separate and apart from the widow, was in issue and could not have been, since the only suit had been brought exclusively by the widow.

We think the demurrers to the declarations in all three cases must be sustained.

LAYTON, C. J. (dissenting).

The ground of my dissent from the conclusion reached by the majority of the Court is that the Supreme Court of this State in the case of *Silvia v. Scotten, supra,* has indicated quite clearly its view of the meaning and effect of the subrogation provisions of the *Workmen's Compensation Law* in its relation to the *Death Act.*

In that case the immediate question before the Court was whether a compensating employer under the *Compensation Act* could maintain an action for damages in the name of the widow of his employee against a third person *tort-feasor* who had through negligence caused the death of the employee, the purpose of the action being to reimburse the employer for the amount of the award paid or payable to the widow.

It became necessary for the Court to construe the sub-

rogation provisions of the *Compensation Act* as found in *Section* 6108 of the *Revised Code* in connection with *Section* 4638, which is the *Death Statute;* and as I read the opinion of the Court in the Silvia case its view was that when an award under the *Compensation Act* has been made to the dependents of a deceased employee killed through the fault of a third person, the provisions of the *Death Statute* with respect to those who may enforce the liability created by that act are amended by the *Compensation Act.* The liability created by the *Death Statute* then exists primarily for the benefit of the compensating employer.

The present Chancellor, who dissented in that case upon the immediate question for decision, was in entire accord with the majority of the Court with respect to the general amendatory effect of the *Compensation Act* over the *Death Act* with respect to those who are entitled to assert the liability for wrongful death where compensation under the *Compensation Act* has been, or is agreed to be, paid. He stated the position of his colleagues as he understood it in the following language:

"That, considering the context of the whole *Section,* the term 'employee,' as used in the first part of *Section* 131, with respect to the right to recover damages against a negligent third person causing the death of an employee, is, also, used in the sense of dependents *and that the dependents of such a deceased employee* have a right of action under the *Death Act,* which, for that purpose, must be read in connection with the *Compensation Act.*

"I am in accord with both of these conclusions. The result of the majority opinion is that it construes the first part of *Section* 131, as though it read: '*The* ———, *employee (or his dependents) may, at his (or their) option, either claim compensation, * * * or obtain damages from or proceed at law against such other person to recover damages, etc.; * * * and if compensation is awarded * * * the employer * * * shall be subrogated to the rights of the injured employee, or of his dependents, to recover damages against such third person.*' "

The majority of the Court dismiss the Silvia case for the reason that there the only damages involved were the amount of the award made to the widow, the suit being in her name but for the benefit of the compensating employer;

and while it is not expressly declared, it is apparent that their thought is that the expressions employed by the Supreme Court are mere *dicta* where applied to a dependent other than a widow. It is often a matter of delicacy for one Court to pronounce observations and expressions made by another Court as outside the scope of the question raised; and particularly so when they appear to form a part of the reasoning by which the conclusion is reached. Having consideration for the expressions found in both the majority and minority opinions in the Silvia case, which do not appear to have been made inadvertently or uselessly, but as a part of the logic of the conclusion, I am of opinion that this Court ought not to disregard their force and effect. If modification of expression and clarification of meaning be necessary, recourse should be had to the Supreme Court.