**DELAWARE COACH CO. v. SAVAGE et al.**

Civil Action No. 524.

District Court, D. Delaware.

Dec. 3, 1945.

On Reargument Nov. 12, 1946.

William H. Foulk and William Poole (of Southerland Berl & Potter), all of Wilmington, Del., for plaintiff.

William Prickett, of Wilmington, Del., for defendants.

LEAHY, District Judge.

Since jurisdiction is here based on diversity, Delaware law must be followed. Travelers' Ins. Co. v. E. I. Du Pont De Nemours & Co., 1 Terry 285, 9 A. 2d 88, 92, is the Delaware case pertinent here. The issue in that case was whether an insurer or an employer was authorized to bring suit against a third party tortfeasor

for compensation paid by it to the dependent mother of a deceased employee, when the widow of the deceased employee was still living, but had been separated from him for some twenty-one years and was, therefore, not dependent upon him for support. The defendant demurred on the ground that the dependent mother to whose rights the employer sought subrogation had no right of action against the defendant. The plaintiff-employer argued " * * * that the Compensation Act is amendatory of the Death Act, and that immediately upon receiving compensation the dependent of the deceased is invested with a right of action under the Death Act, which right in turn passes to the employer, or insurer paying compensation." The Delaware court rejected this argument and sustained the demurrer on the theory that the employer is subrogated only to such rights as would exist in dependents if such compensation had not been paid. The court said:

"We are of the opinion that when the Statute says that an employer having paid compensation 'shall be subrogated to the rights of the injured employee, or of his dependents to recover damages against such third person,' it means that the employer is subrogated to the extent that the employer has become liable to a dependent to whom the wrong doer is also liable under the provisions of the Death Act. We do not think that our Compensation Act creates any new rights of action for wrongful death, separate or apart from the Death Act itself, nor does it enlarge upon the designated beneficiaries under the Death Act. What it does accomplish is the subrogation of the employer in those cases where he has paid compensation to dependents who, regardless of the Compensation Law, had a right of action, and these latter rights are those which are subrogated."

The Delaware Death Statute creates a cause of action for death caused by negligence and confers it on the "widow or widower of any such deceased person, or, if there be no widow or widower, the personal representatives." The right of the employer to recover from the tortfeasor is based on the statutory subrogation to such rights as would exist in the dependents if such compensation had not been paid, but the Death Statute does not give the dependents, as such, any rights.

Any contrary view is foreclosed by the Travelers' Insurance Company decision, which manifestly governs the case at bar. The only factual difference—a difference without any legal validity—is that there the compensated dependent was the employee's mother; here the dependent is the employee's child. But neither had a right of action for the death of the employee. Since the employer is subrogated only to the right of action which the dependent had, and the dependent having no right of action, the employer, of course, is subrogated to nothing. The Delaware decision impels the conclusion that the dependent child here had no right to which plaintiff could be subrogated.

Motion to strike is accordingly granted.

### On Reargument.

Plaintiff insists it should be compensated for the payments to be and made to the child of the decedent. For plaintiff to prevail, it must be upon the assumption that it is subrogated to the rights of the child, i.e., the dependent referred to in § 6108, supra. But this would be a false assumption, for the child had no rights vis-a-vis the tortfeasor. Consequently, plaintiff is subrogated to nothing with respect to payments made to the child. For plaintiff to prevail, it must be held that § 6108 (the compensation statute) amends § 4638 (the Death Act) so as to give dependents a right of action for wrongful death of the parent or mother for son, etc. This, the Delaware court, when the precise point was presented, refused to do in Travelers' Insurance Co. v. E. I. DuPont De Nemours & Co., supra.

On reargument, the parties devoted their principal emphasis to whether the language attacked in the complaint should or should not remain as a matter of pleading, and whether the plaintiff's right to recover the amounts paid the child should be postponed until trial or until the jury would be instructed on the quantum of damages. As stated before, if plaintiff can not recover for the amounts paid to the child, then the language in the complaint concerning this item is insufficient in law; as such, it is redundant within the meaning of Federal Rules of Civil Procedure, rule 12(f), 28 U.S.C.A. following section 723c, and should be stricken. Best Foods, Inc., et al. v. General Mills, Inc., supra.