W. Albert MARCINIAK, Graver Tank &
Mfg. Co., Inc., a Delaware corporation,
and Hartford Accident and Indemnity
Company, a Connecticut corporation,
Plaintiff,

v.

The PENNSYLVANIA RAILROAD COM-
PANY, a corporation of the Common-
wealth of Pennsylvania, Defendant.

Civ. A. No. 1709.

United States District Court
D. Delaware.

June 11, 1957.

Reargument Denied June 17, 1957.

H. Albert Young and Bruce M. Star-
gatt, Wilmington, Del., for plaintiffs.

James L. Latchum (of Berl, Potter &
Anderson), Wilmington, Del., for de-
fendant.

LEAHY, Chief Judge.

This case arises under the Delaware
Workmen's Compensation Act, 19 Del.C.
§ 2301 et seq., unaffected by the amend-
ments of 1955.[1]  The action was orig-
inally commenced in the Superior Court
of the State of Delaware by plaintiffs,
W. Albert Marciniak, Graver Tank &
Mfg. Co., Inc., and Hartford Accident
and Indemnity Co. against The Pennsyl-
vania Railroad Company, defendant. De-
fendant subsequently removed to this
Court.

Marciniak, an employee of Graver, was
injured during the course of his employ-
ment through defendant's alleged negli-
gence.  Statutory compensation pay-
ments were made by Hartford, Graver's
insurance carrier, and will continue to
be made for a period of time not yet de-
termined.  Graver and Hartford brought
this suit with Marciniak, as a nominal
plaintiff, under the subrogation provision
of the statute, against defendant, as a

1.  Miller v. Ellis, Del.Super., 122 A.2d 314;  Kowalewski v. Pennsylvania R. R., D.C.
Del., 141 F.Supp. 565.

third party tortfeasor, to recover the indemnity paid or payable.[2]

Defendant's answer denied any negligence on its part, averred the negligence of Marciniak and Graver, and counterclaimed against Graver for contribution on the theory of common or joint liability. Thereafter the parties stipulated that plaintiffs' motion to dismiss defendant's counterclaim should be granted, that defendant's motion to drop Marciniak as a party plaintiff should be denied, and that defendant's motion to amend its answer by adding an affirmative defense should be granted. This last defense invokes the negligence of Graver as a complete bar to plaintiffs' recovery. Plaintiffs now move to strike the affirmative defense on the ground it is legally insufficient, immaterial and irrelevant.

■ 1. The issue is clearly drawn: Whether or not under the Delaware Workmen's Compensation Act a third party tortfeasor can raise the defense of contributory negligence of an employer as a complete bar to his recovery or the recovery of his insurer. For the purpose of plaintiffs' motion to strike, I here assume negligence of the employer, Graver, along with the other well-pleaded allegations of the affirmative defense.

2. This issue is untouched by statute and appears to be one of first impression in Delaware, whose law I am bound to apply.[3] Plaintiffs reason since the Act compels an employer to compensate his employee without regard to fault, as between the employer, subrogated to the employee's rights, and a negligent third party, the third party must bear the entirety of the loss; to do otherwise, say plaintiffs, would be to deprive an employer of the immunity granted him by the statute in exchange for his absolute, though limited, liability. Defendant, however, contends since the provision of the Workmen's Compensation Act, which subrogates an employer or his insurer (the real party in interest) to an employee's legal right in his cause of action, is based upon equitable concepts, an employer seeking reimbursement from a third party is susceptible to equity's demand that he, himself, be free from fault. Plaintiff and defendant obviously wish to be fully insulated from the negligence of each by pointing to the negligence of the other.

3. The briefs of the parties reveal a spirited controversy as to the weight of authority on the subject. There is, however, no need to survey this expanse of decisional law and arrive at an exact numerical determination.[4] On occasion the Delaware courts have interpreted the Workmen's Compensation Act to concern only the employer (or insurer) and employee and the social adjustment of their mutual rights and obligations.[5] But the social awareness which prompted statutory payments to the injured employee irrespective of any party's fault, is not as evident here to absolve fully from liability a negligent employer seeking reimbursement from a third party tortfeasor. Consequently, it is difficult to perceive any hierarchy of position between the employer (or insurer) and the third party.

2. 19 Del.Code, § 2363; also see Frank C. Sparks Co. v. Huber Baking Co., 9 Terry 9, 96 A.2d 456, affirming Del. Super., 84 A.2d 413.

3. Although procedurally not the case here, the same issue may arise from other situations, as where a third party tortfeasor attempts to utilize a third party complaint or commence an independent action in an effort to secure full indemnity from an allegedly contributorily negligent employer. See the Delaware case of Miller v. Ellis, Del.Super., 122 A.2d 314, 318.

4. Plaintiffs' brief claims 8 out of the 10 jurisdictions to consider the matter support their position, a higher tally than a supporting case estimating a proportion of about 2 to 1. Defendant's brief, on the other hand, shows, on their scales, a count of 10 to 9 in its favor. Neither party, of course, urges this court to believe Delaware law is waged by the weight of numbers.

5. Silvia v. Scotten, 2 W.W.Harr. 295, 122 A. 513, 514; reiterated in McGonigal v. Ward Baking Co., 6 Terry 55, 67 A.2d 61, 63–64.

4. On the other hand, I find, in the Delaware cases cited by defendant, little or no basis for considering the subrogation provision as anything more than just a grant to an employer or insurer of the employee's right to proceed against a negligent third party. While the statutory provision, which recognizes the legal right, has roots in equitable concepts, it neither sets up an equitable proceeding nor contemplates the stock equitable defenses. Also I have faint regard for defendant's neat turn that under Delaware law the safeguarding of the employee's further hope of recovery is of secondary interest (a concession not altogether enthusiastically made by the Delaware courts), and, therefore, the employer's contributory negligence in no way legally affects the employee's right, or lack of right, to recovery.

5. I hold defendant may not by affirmative defense lay the whole load of liability at plaintiff employer's feet. Plaintiffs' motion to strike the affirmative defense is granted and an appropriate order may be submitted.[6] I make no effort to decide whether a third party tortfeasor can secure contribution from a negligent employer under the Delaware Contribution Among Tortfeasors Act[7] since the point is not now before me.

On Defendant's Motion for Reargument or Clarification

 The Court granted plaintiffs' motion to strike defendant's affirmative defense as against the employer Graver (one of the plaintiffs. Defendant now moves for reargument or, alternatively, for clarification on the ground the defense "neither seeks to lay the entire liability upon Graver nor does it invoke the negligence of Graver as a complete bar to any recovery", but "simply seeks to reduce pro-tanto any recovery against the defendant by the amount which would pass to Graver or its insurer as re-imbursement for the compensation payments made to the employee."

Under the Delaware Workmen's Compensation Act a third party tortfeasor cannot raise the affirmative defense of contributory negligence of an employer as a bar to his recovery or the recovery of his insurer for compensation payments made to the employee. No reargument on the legal question need be had. It is, therefore,

Ordered:

The motion for reargument is denied.

---

6. See Talarowski v. Pennsylvania R. R., D.C.Del., 135 F.Supp. 503; Delaware Coach Co. v. Savage, D.C.Del., 68 F. Supp. 175.

7. 10 Del.Code, § 6301 et seq.