## MT. PLEASANT SPECIAL SCHOOL DISTRICT and Underwriter's Adjusting Company, Plaintiffs,

### v.

### Evelyn GEBHART, Defendant.

Court of Chancery of Delaware, New Castle.

Submitted May 27, 1977.

Decided Sept. 27, 1977.

Howard M. Berg, of Berg, Komissaroff & Sawyer, Wilmington, for plaintiffs.

Thomas S. Lodge, of Connolly, Bove & Lodge, Wilmington, for defendant.

BROWN, Vice Chancellor.

This action for declaratory judgment presents under somewhat unusual circumstances what appears to be a case of first impression in this State. The purpose of the complaint is to determine the respective rights of the parties to an escrow fund of $27,700 now being held by counsel for the defendant. The defendant has admitted all allegations of the complaint and thus the matter is before the Court for final judgment based upon the briefs and oral arguments of counsel. Surprisingly enough

with regard to the purely equitable jurisdiction of this Court, the sole issue involves an interpretation of the Delaware Workmen's Compensation statutes. The operative facts are set forth hereafter.

On March 12, 1965 the defendant Evelyn Gebhart suffered an injury during the course of her employment with the plaintiff Mt. Pleasant Special School District. Thereafter the parties, including the plaintiff Underwriter's Adjusting Company, the compensation carrier for the school district, entered into a compensation agreement whereby the defendant received workmen's compensation for her injury.

The Delaware Workmen's Compensation Law, 19 *Del.C.* Ch. 23, provides the sole and exclusive remedy available to an employee against his employer to secure compensation for injuries sustained by the employee as a result of a work-related accident. 19 *Del.C.* § 2304; *Diamond State Tel. Co. v. University of Delaware*, Del.Supr., 269 A.2d 52 (1970); *General Motors Corporation v. McNemar*, Del.Supr., 202 A.2d 803 (1964). If the injury-causing accident is of such a nature that it gives rise to a tort cause of action by the employee against a third party, however, suit by or on behalf of the employee against the third party is not precluded. 19 *Del.C.* § 2363. If the employee does not bring such an action within a specified period of time, the employer or insurance carrier is permitted to bring the action in the employee's behalf. Thus, 19 *Del.C.* § 2363(a) provides in part:

"If the injured employee or his dependents or personal representative does not commence such action within 260 days after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person."

The defendant here did not bring suit against the third-party tortfeasor within 260 days of her accident. Neither the plaintiff employer nor the insurance carrier filed such an action thereafter. However, defendant did eventually retain Philadelphia counsel to pursue her claim and the suit was filed in Delaware two days prior to the expiration of the applicable two-year statute of limitations, or otherwise stated, 728 days after the accident. Unfortunately, this suit never came to trial. Rather it was dismissed for the failure of defendant's counsel to prosecute it. On appeal, the dismissal for this reason was upheld. See *Gebhart v. Ernest DiSabatino & Sons, Inc.*, Del.Supr., 264 A.2d 157 (1970).

Subsequently the defendant here brought suit in Philadelphia against her former Pennsylvania attorney for malpractice and breach of contract. A jury verdict was eventually obtained in her favor awarding her judgment in the sum of $250,000 on the breach of contract claim. This judgment has been paid and from it, by previous stipulation of the parties, the present escrow fund was created. This fund of $27,700 represents past-compensation payments of approximately $50,500 made by plaintiffs here to the defendant, less a proportionate share of the counsel fees and costs incurred in obtaining the Philadelphia verdict.

Plaintiffs now claim entitlement to this fund under that portion of 19 *Del.C.* § 2363(e) which provides as follows:

"(e) . . . Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits."

Presumably, although the complaint does not specifically ask for it, plaintiffs also seek a declaration that the net balance of the jury verdict to the defendant be treated as advance payment to the defendant on account of any future compensation benefits to which she would otherwise be entitled.

Accordingly, the precise question for decision narrows down to this: Where an insurance carrier has paid a workmen's compensation claim to a covered employee, and the employee subsequently recovers a judgment against an attorney for breach of contract in failing to prosecute a claim which the employee had against a third-party tortfeasor, is the insurance carrier entitled under 19 *Del.C.* § 2363 to reimbursement from the recovery fund for compensation payments made and to have the balance of the recovery fund credited against future compensation payments otherwise due?

Defendant, in reliance on the statutory language of § 2363, would have this question answered in the negative. She relies on the clear language of the statute that allows reimbursement to the employer or insurance carrier from "any *recovery* against the third party *for* damages resulting from *personal injuries or death only.*" (Emphasis added.) She contends that a recovery in a breach of contract action against an attorney for failing to prosecute the personal injury claim is not within the scope of the statute since it is not a recovery for either personal injuries or death. Stated another way, she says that the recovery here did not result from personal injuries or death, but rather it resulted from the contractual failure of the attorney to do that which he was hired to do.

Defendant further relies on the first sentence of § 2363(a) which limits the scope of the employer's or insurer's right of subrogation to situations "[w]here the injury for which compensation is payable under this chapter is caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof . . . ." She argues that there is no way that it can be logically said that her injury here created a legal liability in the attorney against whom she recovered the judgment. What created his legal liability to her was his failure to honor his agreement to prosecute her claim against the third party who did cause her injury. In short, defendant says that she has obtained no recovery from the third-party tortfeasor who was responsible for her injuries and that as a consequence plaintiffs have no statutory right to reimbursement or subrogation.

Plaintiffs view this as so much technical nonsense. Their opposing position is two-fold. First, they suggest that regardless of whether a suit against an errant attorney is based upon negligent malpractice or breach of contract, the fact remains that there can be no recovery unless it is established that the wrongful conduct of the attorney has deprived the client of something to which the client would otherwise have been entitled. *Thompson v. D'Angelo*, Del.Supr., 320 A.2d 729 (1974); *Pusey v. Reed*, Del.Super., 258 A.2d 460 (1969); 7 *Am.Jur.2d* 156, Attorneys At Law § 188. Thus they say that the measure of liability of the attorney is commensurate with the measure of damages to which the client would have been entitled against another had the attorney fulfilled his professional obligation. Thus stated, plaintiffs argue that of necessity the Philadelphia jury verdict recovered by the defendant against her former attorney represented the amount of recovery to which the defendant would have been entitled against the third-party tortfeasor had her attorney properly prosecuted her suit. Accordingly, they urge that the recovery against the attorney represents a recovery against the party responsible for her injuries which, in turn, entitles them to subrogation under the statute.

Secondly, plaintiffs point to the policy concept behind workmen's compensation statutes of insuring prompt payment of cash-wage benefits and medical care to victims of work connected injuries, regardless of fault. In keeping with this policy double recoveries for the same injury are to be avoided. 2A *Larson, Workmen's Compensation* § 71.20 (1976). The purpose of the subrogation provisions of § 2363 therefore, are to assure that the injured employee "shall not collect both the statutory compensation and also the full damages for the injury." *Travelers Ins. Co. v. E. I. duPont deNemours & Co.*, Del.Supr., 1 Terry 285, 9 A.2d 88 (1939). Since they construe the

defendant's recovery against her former attorney to constitute the full measure of damages for her injuries, plaintiffs urge with much logic that to allow the defendant to retain both the jury verdict amount and the compensation benefits would allow her the double recovery which the workmen's compensation statutes seek to avoid.

Having thus considered the respective positions of the parties I am convinced that the decision should be controlled by the rationale of *Fink v. Dimick*, 179 F.Supp. 354 (D.Conn.1959), the only precedent cited involving a similar factual situation. There a federal employee received a compensable injury under the Federal Employees Compensation Act, 5 *U.S.C.A.* § 751 et seq., and was paid compensation. The injured employee retained an attorney to bring suit against a third party allegedly responsible for the accident. The attorney, however, permitted the statute of limitations to run without filing suit, thus barring the claim against the third party. The employee then retained new counsel and sued his former attorney for malpractice. This suit was settled, with the employee receiving a sum in excess of the compensation paid him by the federal government. In a subsequent interpleader action concerning the settlement fund, the government took the position that it was entitled to reimbursement of the compensation paid under that portion of 5 *U.S.C.A.* § 777 which provided that "[i]f an injury or death for which compensation is payable under this chapter is caused under circumstances creating a legal liability in some person other than the United States to pay damages therefor, and a beneficiary entitled to compensation from the United States for such injury or death receives, as a result of a suit brought by him or on his behalf, or as a result of a settlement made by him or on his behalf, any money or other property in satisfaction of the liability of such other person, such beneficiary shall, after deducting the costs of suit and a reasonable attorney's fee," repay the government the amount of any compensation theretofore received.

The previous section of the Act, § 776, provided that in the case of a compensable injury the government had the right to either require the employee to bring suit against a third party as a condition to receiving compensation benefits or, alternatively, the right to require the employee to assign his cause of action against the third party to the government for prosecution by it in his behalf. The government had paid the compensation without requiring either.

In denying the government any right of subrogation in the settlement fund under 5 *U.S.C.A.* § 777, the District Court reasoned as follows at 179 F.Supp. 357–359:

> "It is obvious that the literal language of the two sections gives the United States rights of subrogation or reimbursement only where the employee has recovered from the person legally liable for his physical injuries—those injuries which disabled him from the performance of his duties as a government employee.

> \*     \*     \*     \*     \*     \*

> "The situation here is not of that type. The employee here was and is forever barred from recovering from the person legally liable for his physical injuries, International Silver. Because of the negligence of his attorney, Dimick can never recover from International Silver, so there is no possibility of a literal application of Section 777. But he has recovered from the attorney a sum in settlement of a suit based on that attorney's malpractice. The government contends that the money thus recovered is directly traceable to and cloaked with the identity of the damages International Silver would have had to pay had the attorney brought suit before the statute had run, and that the principle behind Section 777, i. e., the prevention of double recovery by the injured employee, requires that the defendant Dimick reimburse the government for the compensation received.

> \*     \*     \*     \*     \*     \*

> ". . ., the government further contends, the recovery from the attorney necessarily includes the damages for the original injury lost through the attorney's negligence, and that to allow Dimick to

keep both unjustly enriches him at the expense of the government. We do not agree. Under Section 776 the government could have required Dimick to assign his cause of action against International Silver to it, or forced him to prosecute the action in his own name. The government chose to do neither. If Dimick's cause of action had been barred by Dimick's own failure to file suit, rather than that of his attorney, there is no doubt but that the government would have no further rights under Section 776. Since the government did not avail itself of the specific statutory method allotted to it for protecting its rights in a situation where a third party wrongdoer was involved, we see no reason to strain the language of Section 777 beyond its plain meaning to fit a situation the draftsmen of the statute probably never contemplated."

Plaintiffs attempt to distinguish *Fink v. Dimick* on the grounds that the government there had a right to require the assignment of the cause of action from the outset and failed to do so, thus sleeping on its rights and causing the Court to rule against it. The Delaware statute is different, plaintiffs say, since it permits the employer and insurance carrier to bring suit against the tortfeasor only if the employee has failed to institute suit within 260 days. If this is a distinction, I fail to appreciate it. Conceding that what plaintiffs say is true, they nonetheless had 15 months between the expiration of the 260-day period and the running of the statute of limitations during which they had a concurrent right with the defendant to bring suit. Having failed to do so, I cannot perceive how their position differs materially from that of the government in *Fink v. Dimick*.

In sum, § 2363 provides no express right to subrogation in this situation. On the record there is no evidence that the Philadelphia jury verdict was premised solely on the damages that the defendant would have recovered for her physical injuries had her attorney properly prosecuted the suit. Regardless of the likelihood that this is true, it is an assumption at best. Legally, defendant's recovery was not against the third-party tortfeasor and the successful suit was not brought to recover for personal injuries. If the end result is a double recovery to the defendant it is a consequence of her persistence in pursuing the matter at a time when plaintiffs were content not to do so.

It is conceivable that factual circumstances might exist in a given case which would make it inequitable to permit the employee to retain as against the compensation carrier all benefits of an alternative recovery against one other than the third-party tortfeasor, i. e., for example, where the later dismissed suit against the third-party tortfeasor which gives rise to a subsequent malpractice recovery is brought by the employee within the 260-day period, thus foreclosing the compensation carrier's ability to protect its interest through counsel of its own choosing. However, no such equities appear on the facts of this case as it has been presented.

I conclude that judgment must be entered for the defendant. Order on notice.