Kingsley A. SIMENDINGER, Individually and as Administratrix of the Estate of Christopher Sturmfels, and Kingsley A. Simendinger, as Next Friend of Beck Sturmfels, a minor child, Plaintiff Below–Appellant,

v.

NATIONAL UNION FIRE INSURANCE COMPANY, Intervenor Below–Appellee,

and

Philadelphia Indemnity Insurance Company, Defendant Below.

No. 553, 2011.

Supreme Court of Delaware.

Submitted: Jan. 10, 2013.
Decided: March 19, 2013.

Gary S. Nitsche, Esquire, of Weik, Nitsche & Dougherty, Wilmington, Delaware for Appellant.

Daniel L. McKenty, Esquire (argued), and Katherine L. Hemming, Esquire, of Heckler & Frabizzio, Wilmington, Delaware for Appellee.

Before STEELE, Chief Justice, and HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the court en Banc.

RIDGELY, Justice.

Two employees of Connections CSP, Inc. ("Connections") were killed in an automobile collision during the course and scope of their employment. Connections owned the vehicle and had purchased underinsured motorist insurance ("UIM") for the vehicle and also worker's compensation insurance which covered the employees.

The UIM insurer paid its policy limit of $1,000,000. The worker's compensation insurer also paid benefits to the representatives of the decedents. The worker's compensation insurer then sought to enforce a lien upon the UIM payment equal to the worker's compensation benefits it paid. But the UIM policy specifically excludes the direct or indirect benefit of any insurer or self-insurer under a worker's compensation claim. Notwithstanding this exclusion, the Superior Court enforced the lien based upon its interpretation of 19 *Del. C.* § 2363(e), which allows reimbursement of a worker's compensation carrier "from the third party liability insurer." We hold that he General Assembly has eliminated the ability of a worker's compensation insurer to assert a lien against the UIM payments made pursuant to the employer's UIM policy. Because the Superior Court erred as a matter of law in enforcing a lien, we REVERSE and REMAND this matter for further proceedings.

### Facts and Procedural History

This matter arises from a two-vehicle collision on Route 13. Decedents Christopher Sturmfels and Michael Kriner ("Decedents") suffered fatal injuries during the course and scope of their employment for Connections when its vehicle was struck by a car driven by Mark Bednash. Connections provided workers' compensation insurance coverage to its employees through a policy with National Union Insurance Company ("National"). National approved and paid benefits to the Decedents' personal representatives in the amount of $38,711 for Sturmfel and $31,754 for Kriner.

Connections also has purchased a UIM policy for the vehicle through Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity"), with coverage limits of $1,000,000. The UIM Policy expressly provides that it does not apply to benefits obtained through worker's compensation insurance.

Kingsley A. Simendinger, acting as administrator of the estate of Christopher Sturmfels and Next Friend of Beck Sturmfels, a minor child, filed a personal injury action on behalf of Decedents against Bednash, *et al.* Philadelphia Indemnity tendered and interpled the policy limits of $1,000,000. Connections intervened in the litigation, seeking to enforce a lien in the amount of the workers' compensation benefits paid by National. National was substituted for Connections as the real party in interest. National then moved for summary judgment in its favor.

The Superior Court granted National's motion, concluding that the exclusion in the UIM Policy was unenforceable as a matter of law. The court found the exclusion to conflict with 19 *Del C.* § 2363(e) and held that "an employer-payor has a statutory right to recover worker's compensation benefits from any recovery to which its employee is entitled," including UIM benefits. The court explained that, as a matter of public policy, it saw "no reason why an employer should be penalized for their efforts to protect their employees." Philadelphia Indemnity's motion for reargument was denied. This appeal followed.

### Discussion

■ We review the Superior Court's grant of summary judgment *de novo* "to

determine whether, viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[1]

■ "Delaware courts have consistently applied principles of contract to a subrogation claim in the context of a workmen's compensation proceeding, when that claim originated with the act of a third party tortfeasor."[2] The UIM Policy contains the following policy exclusion:

> This insurance does not apply to any of the following: ... (2) the direct or indirect benefit of any insurer or self-insurer under any worker's compensation, disability benefits, or similar law.

National contends—as it did below—that this provision is unenforceable because it contravenes Section 2363(e), which provides:

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or the employee's dependents or personal representative would be entitled to recover in an action in tort. *Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workers' compensation insurance carrier for any amounts paid or payable under the Workers' Compensation Act to date of recovery, and the balance shall forthwith be paid to the employee*

*or the employee's dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits, except that for items of expense which are precluded from being introduced into evidence at trial by § 2118 of Title 21, reimbursement shall be had only from the third party liability insurer and shall be limited to the maximum amounts of the third party's liability insurance coverage available for the injured party, after the injured party's claim has been settled or otherwise resolved.*[3]

This section of the Workers' Compensation Act was amended to the present version in 1993.[4] We find no merit to National's argument.

■ In *Hurst v. Nationwide Mut. Ins. Co*,[5] we considered Section 2363 after the 1993 amendments. We noted in *dicta* "that the General Assembly has eliminated the ability of an employer's workmen's compensation carrier to assert a priority lien against an injured employee's right to payment pursuant to the employer's uninsured motorist coverage."[6] We adopt this same interpretation of Section 2363 in this case. Since the *Hurst* decision, the General Assembly has amended other provisions of the Workers Compensation Act, but not § 2363(e).

In *Adams v. Delmarva Power & Light Co.*, we construed a pre–1993 version of Section 2363 and held that an employer's worker's compensation carrier was not entitled to a set off against UIM benefits

**1.** *State Farm Mut. Auto. Ins. Co. v. Patterson*, 7 A.3d 454, 456 (Del.2010) (*quoting Brown v. United Water Delaware, Inc.*, 3 A.3d 272, 275 (Del.2010)).

**2.** *Adams v. Delmarva Power & Light Co.*, 575 A.2d 1103, 1106 (Del.1990) (citations omitted).

**3.** 19 *Del. C.* § 2363(e) (emphasis added).

**4.** 1993 Delaware Laws Ch. 116 (S.B.26) (emphasis added to indicate changed language).

**5.** *Hurst v. Nationwide Mut. Ins. Co.*, 652 A.2d 10 (Del.1995).

**6.** *Id.* at n. 2.

purchased by an employee.[7] The UIM coverage in that case contained a provision similar to the one here, that "preclude[ed] its applicability to claims made by workmen's compensation carriers."[8] Nothing in the current version of § 2363(e) distinguishes that circumstance from one where an employer either pays for or reimburses an employee for the very same coverage. Moreover, Section 2363(e) expressly limits reimbursement by providing that "reimbursement shall be had *only* from the third party liability insurer and shall be limited to the maximum amounts of the third party's liability insurance coverage awarded for the injured party, after the injured party's claim has been settled or otherwise resolved."[9]

National relies upon *Harris v. New Castle County*[10] and other opinions issued by this Court prior to the 1993 amendments to support its position. These cases stood for the proposition that the then-statutory scheme conferred a right of reimbursement from the UIM benefits received by an employee under a policy paid for by the employer.[11] All of these cases are distinguishable today because of the 1993 amendments.

### Conclusion

The judgment of the Superior Court is REVERSED, and this matter is REMANDED for further proceedings consistent with this opinion.

---

7. *Adams,* 575 A.2d at 1107.

8. *Id.*

9. 19 *Del. C.* § 2363(e) (emphasis added).

10. *Harris v. New Castle County,* 513 A.2d 1307, 1308–09 (Del.1986).

11. *See Guy J. Johnson Transportation Co. v. Dunkle,* 541 A.2d 551, 552 (Del.1988); *Travelers v. E.I. DuPont De Nemours & Co.,* 9 A.2d 88, 90–91 (Del.1939); *State v. Donahue,* 472 A.2d 824, 827–28 (Del.Super.1983)