# THE SUPERIOR COURT OF THE STATE OF DELAWARE

HORIZON SERVICES, INC., and
EASTERN ALLIANCE INSURANCE
COMPANY,

        Plaintiff(s),

    v.

JOHN HENRY and THE
CINCINNATI INSURANCE
COMPANY,

        Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. NO. N21C-10-044 DJB

## OPINION

Date Argued: January 31, 2022
Date Decided: May 2, 2022

*Defendant's Motion for Judgment on the Pleadings – GRANTED*

Elissa A. Greenberg, Esquire, Elzufon Austin & Mondell, PA, Attorney for
    Plaintiff
Jonathan B. O'Neill, Esquire, and Amanda K. Dobies, Esquire, Kimmel Carter
    Roman Peltz & O'Neill, PA, Attorneys for Defendant John Henry
William A. Crawford, Esquire, Franklin & Prokopik, Attorney for Defendant The
    Cincinnati Insurance Company

**BRENNAN, J.**

This declaratory judgment action seeks a ruling as to whether Plaintiffs are entitled to a lien on any potential underinsured motorist coverage recovery by Defendant John Henry (hereinafter "Henry") in a related personal injury action. Henry was injured when a non-party tortfeasor crashed into the work vehicle in which he was driving. Henry's employer, Horizon Services, Inc. (hereinafter "Horizon"), and Horizon workers' compensation insurer, Eastern Alliance Insurance Company (hereinafter "Eastern Alliance" or collectively "Plaintiffs"), paid workers' compensation benefits to Henry as a result of the crash. Henry, in a separate, still on-going civil action, seeks underinsured motorist (hereinafter "UIM") benefits from Horizon's automobile liability insurer, Cincinnati Insurance Company (hereinafter "Cincinnati").[1]

Cincinnati, joined by Henry, filed the instant Motion for Judgment on the Pleadings.[2] Horizon and Eastern Alliance oppose the motion.[3] Oral argument was held upon which time the Court the matter under advisement.[4] For the reasons set forth below, Cincinnati's Motion for Judgment on the Pleadings is **GRANTED**.

## I.    FACTS & PROCEDURAL HISTORY

Plaintiff Horizon provides workers' compensation insurance coverage to its employees through Plaintiff Eastern Alliance. On September 29, 2015, Defendant Henry, while acting within the course of his employment, was driving a vehicle owned by Horizon and injured in a collision, caused by a non-party tortfeasor. To date, Plaintiffs collectively paid Henry a total of $584,496.52 in workers'

---

[1] Henry, et. al. v. Cincinnati, C.A. No. N18C-03-092 DJB
[2]     D.I. Nos. 7, 12.
[3]     D.I. No. 9.
[4]     D.I. No. 15.

compensation benefits pursuant to the Delaware's Workers' Compensation Act (hereinafter "WCA").[5]

In addition to workers' compensation benefits, Henry sought to recover damages from the tortfeasor. The tortfeasor was insured under an automobile liability policy with a maximum limit of $50,000.00 per occurrence. Henry settled with the tortfeasor's liability insurer for the $50,000.00 limit of the policy. After deducting attorney's fees and costs, Henry reimbursed the remaining balance of his liability claim to Plaintiffs in accordance with the WCA.[6]

The vehicle Henry operated in the collision was covered by an automobile liability insurance policy issued to Horizon by Defendant Cincinnati. After recovering the tortfeasor's liability limits, Henry made a claim against Cincinnati seeking UIM coverage under Horizon's insurance policy, which Cincinnati denied.[7] Thereafter, Henry filed suit in this Court against Cincinnati seeking to recover under Horizon's UIM policy (hereinafter "UIM case").[8] In that action, Cincinnati moved to dismiss, arguing that the applicable version of the Act precluded Henry from recovering both workers' compensation benefits and UIM policy benefits. The Superior Court agreed and dismissed Henry's action. On appeal, the Delaware Supreme Court reversed and remanded the decision, permitting Henry to proceed with his claim against Cincinnati.[9]

---

[5]     19 *Del. C.* §§ 2301-2396.
[6]     *Id.* § 2363(e).
[7]     Henry also filed a UIM claim under his personal automobile liability policy. Plaintiffs, however, limit their reimbursement claim solely to UIM benefits under Horizon's policy with Cincinnati.
[8]     *See* Civil Action No. N18C-03-092.
[9]     *Henry v. Cincinnati Ins. Co.*, 212 A.3d 285 (Del. 2019).

Following the Supreme Court's decision, Horizon and Eastern Alliance moved to intervene in the UIM case. In doing so, they asserted an entitlement to a lien over any UIM benefits Cincinnati pays to Henry. This Court denied Plaintiff's motion to intervene,[10] and thereafter, Plaintiffs filed an application for certification of interlocutory appeal. In denying that application, this Court, in *dicta*, commented that Plaintiffs have other avenues to pursue potential relief.[11] The certification denial was then appealed and ultimately, the Supreme Court denied Plaintiff's interlocutory appeal on procedural grounds.[12] Plaintiffs then filed this declaratory action.[13] Cincinnati filed the instant Motion for Judgment on the Pleadings, joined by Henry, pursuant to Superior Court Civil Rule 12(c).[14]

## II.   PARTIES' CONTENTIONS

Cincinnati argues that it is entitled to judgment as a matter of law because: 1) the claims asserted by Plaintiffs here are barred by *res judicata,* as the Superior Court denied Plaintiffs motion to intervene on the same grounds in the Related Civil Action; 2) Plaintiffs do not have a statutory right to recover the UIM benefits they seek; and 3) even if the claims are not barred, the language of the insurance policy at issue here excludes Plaintiff's recovery.

In response, Plaintiffs contend that this action is not barred by *res judicata* because the adjudication in the UIM case did not constitute a final order and left Plaintiffs without a meaningful right to appeal. Plaintiffs further argue that an

---

[10]   *See* Compl., Exhibit C (hereinafter "Motion to Intervene Decision"), Oct. 6, 2021 (D.I. 1).

[11]   *See* Compl., Exhibit D (hereinafter "Certification Denial"), at 7 ("Moreover, there are other avenues of relief for [Horizon] and [Eastern Alliance] other than intervening in this litigation. For example, pursuing a separate declaratory judgment action will be less burdensome to the parties in this action.").

[12]   *See* Compl., Exhibit E.

[13]   D.I. No. 1.

[14]   D.I. Nos. 7, 12.

4

amendment to the Act and intervening case law provided employers, as defined in the Act, the right to enforce a workers' compensation lien against UIM benefits. And last, Plaintiff asserts that the contractual language which purportedly excludes their recovery is being contested by Henry as unenforceable in the UIM case, and therefore should not prevent their recovery.

## III. STANDARD OF REVIEW

Under Superior Court Civil Rule 12(c), any party may move for judgment on the pleadings after the pleadings are closed.[15] "The standard for a motion for judgment on the pleadings is almost identical to the standard for a motion to dismiss."[16] The Court must accept all well-pleaded facts in the complaint as true and draw inferences from those facts in the light most favorable to the non-moving party.[17] "A moving party is entitled to judgment on the pleadings only when there are no material issues of fact and the movant is entitled to judgment as a matter of law."[18]

## IV. DISCUSSION

In looking at the issues raised by the Complaint and both sides in their respective motion and response, this dispute boils down to whether an employer and their workers' compensation insurer are entitled to a lien on any UIM benefits paid by the employer's UIM insurer under Section 2363(e) of the Delaware's Workers' Compensation Act. Just as the Superior Court found in its decision denying intervention in the UIM case, the Court so finds now: Delaware decisional case law

---

[15] Del. Super. Ct. Civ. R. 12(c).
[16] *Pecan Village TX 2016, LP v. SW MH Holdings, LLC*, 2021 WL 375036, at *3 (Del. Super. Ct. Feb. 3, 2021) (internal quotation marks omitted).
[17] *Catawba Associates—Christiana LLC v. Jayaraman*, 2016 WL 4502306, at *5 (Del. Super. Ct. Aug. 26, 2016).
[18] *Pecan*, 2021 WL 375036, at *3.

is well-established that a Workers Compensation carrier does not have the right to assert a lien on any UIM coverage the injured employee may receive.

## A. THE WORKERS COMPENSATION ACT DOES NOT ALLOW A LIEN ON UIM CLAIMS.

Section 2363(a) of the Workers Compensation Act provides the right for employees, injured by a third-party tortfeasor, to recover both workers' compensation benefits and damages in tort against the liable third party.[19] Any recovery from the tortfeasor, however, must first reimburse the employer or the employer's workers' compensation carrier after deducting expenses and fees of recovery.[20]

Delaware decisional law has interpreted Section 2363(e) to deny employers a right of reimbursement from UIM benefits received by an employee under an employer's policy.[21] In *Hurst v. Nationwide Mutual Insurance Company*, the Supreme Court noted that the General Assembly's 1993 amendment to Section 2363(e) "eliminated the ability of an employer's workmen's compensation carrier to assert a priority lien against an injured employee's right to payment pursuant to the employer's uninsured motorist coverage."[22] And again in *Simendinger v. National Union Fire Insurance Company,*[23] the Supreme Court held that Section 2363(e) precluded an employer or an employer's workers' compensation carrier from seeking reimbursement from an employee's UIM benefits under an employer-owned policy.[24]

---

[19]    19 *Del. C.* § 2363(a).
[20]    *Id.* § 2363(e).
[21]    *See Simendinger v. Nat'l Union Fire Ins. Co.*, 74 A.3d 609, 611-12 (Del. 2013); *see also Hurst v. Nationwide Mut. Ins. Co.*, 652 A.2d 10, 15 n. 2 (Del. 1995).
[22]    *Hurst*, 652 A.2d at 15 n.2.
[23]    *Simendinger*, 74 A.3d 609 (Del. 2013).
[24]    *Id.* at 611-12.

Moreover, the plain language of Section 2363(e) itself limits an employer's right to reimbursement "*only from the third party liability insurer* and shall be limited to the maximum amounts of the third party's liability insurance coverage awarded for the injured party, after the injured party's claim has been settled or otherwise resolved."[25] Here, Henry was awarded $50,000.00 from the tortfeasor's insurance carrier. After deducting expenses, Henry reimbursed Horizon and Eastern Alliance $35,545. Accordingly, Plaintiffs Horizon and Eastern Alliance do not have a right to reimbursement over any potential payments from Cincinnati to Henry.

**B. THE SUPREME COURT'S RECENT DECISION IN *HENRY V. CINCINNATI* DID NOT CHANGE THE WELL-SETTLED DELAWARE PRECEDENT REGARDING A POTENTIAL FOR A LIEN.**

The Supreme Court's recent decision in *Henry v. Cincinnati* does not alter the above analysis. Plaintiffs assert that the Supreme Court, in its most recent decision on the issue and in the UIM case, expressly deemed Cincinnati as a third-party insurer and thus, impliedly overruled *Simendinger* allowing employers to enforce liens on UIM benefits an employee receives under an employer-owned automobile liability policy. However, this Court disagrees.

In the UIM case, this Court granted Cincinnati's motion to dismiss on the basis that the effective version of the WCA's exclusivity provision at the time of the crash precluded Henry from receiving both workers' compensation benefits from his employer and UIM benefits from Cincinnati. In reversing the decision on different grounds, the Supreme Court found that Cincinnati was not an "employer" under the WCA and thus, could not avail itself of the exclusivity provision as a defense. In its Opinion, the Supreme Court referenced an employee's right to both receive workers' compensation benefits and sue a third-party tortfeasor for damages. Comparing the

---

[25]  19 *Del. C.* § 2363(e) (emphasis added).

7

two situations, the Court stated, "[b]ecause Cincinnati is being sued in these cases in its capacity as a third-party insurance company standing in the shoes of an alleged third-party tortfeasor, these suits are permitted under 19 *Del. C.* § 2363."[26] Plaintiffs now rely on this language to argue that the Delaware Supreme Court designated Cincinnati as a third-party insurer for purposes of §2363(e) and as a result, overruled *Simendinger*.

The Court reads *Henry* differently. The Supreme Court neither cited to, nor discussed *Simendinger* at any point in its decision, much less overrule it. Rather, the Supreme Court couched its decision on the grounds that Cincinnati could not assert the exclusivity provision as a defense. This court reads the reference to Cincinnati standing in the shoes of an alleged third-party tortfeasor as dicta, intending to be illustrative of why Cincinnati could not invoke the exclusivity provision, as opposed to impliedly overruling a well-settled principle of law.

Moreover, this Court reached the same conclusion when denying the motion to intervene in the UIM case.[27] Horizon and Eastern Alliance's motion to intervene was denied on the basis of futility, with the Court specifically noting that "neither statutory law nor decisional precedent" supported their claims.[28] In its analysis, the court extensively reviewed the controlling Delaware case law discussed *supra* on the issue of whether a workers compensation carrier could assert a lien on UIM claims, as well as the Supreme Court's decision in the UIM case.[29] Specifically, the Court stated:

> [T]he *Henry* Court … held that the worker's compensation insurer is not an "employer" under the workers' compensation statute and is

---

[26]     *Henry*, 212 A.3d at 290.
[27]     Following the Motion to Intervene and the denial of the certification for an Interlocutory Appeal, the original judicial officer retired and a new judicial officer was re-assigned this case. The entirety of this declaratory judgment action has been before the same judicial officer.
[28]     Motion to Intervene Decision at 5.
[29]     *See Id.* at 5-8.

therefore not entitled to the exclusivity clause which applies to employers. Nevertheless, in *dicta*, the Court stated that the UIM insurance company "steps into the shoes of the alleged tortfeasor." Comp Carrier has seized on this *dicta* to argue "[a]s Defendant now stands in the shoes of an independent third party liability carrier, personal injury damages payable to Mr. Henry are subject to the Intervenors' workers' compensation lien under 19 *Del. C.* § 2363."

However, a careful reading of the decisional law does not support Comp Carrier's position. Instead, the Delaware Supreme Court addressed burdens of proof and the requirement to establish fault. Specifically, when it referenced "stepping into the shoes" of an alleged tortfeasor in *Henry*, the Court cited *Progressive Northern Insurance Co. v. Mohr* which presented an issue of first impression in Delaware. In *Progressive Northern Insurance Co.*, the Court held that the personal injury protection ("PIP") statute must be construed to require PIP coverage for a pedestrian struck on a Delaware road by a driver insured in any state, including a Delaware insured driver.

The phrase at issue appeared in the dissent … reject[ing] the majority's holding, stat[ed] the majority's attempt to analogize mandated no-fault coverage to mandated fault coverage[,] ignored the distinction between the two. According to the reasoning in the dissent, a distinction is necessary because, unlike UIM coverage that requires proving duty, breach, causation and damages, PIP coverage is a no-fault scheme which provides benefits in addition to those afforded by the standard automobile coverage. The dissent used this distinction to explain that, when making a claim for UIM coverage, the insurance company "stands in the shoes of the other driver and the person making the claim must prove *fault*."

Thus, *Henry* did not overrule *Adams* or *Simendinger* when the Court stated that the UIM insurance company "steps into the shoes of the alleged tortfeasor." Rather, the Court merely emphasized that, as is true for a direct claim against a third-party tortfeasor, fault by the alleged third-party tortfeasor must be established before UIM insurance will provide benefits for a claim over and above the insurance policy limits of the third-party tortfeasor. Accordingly, Comp Carrier has no right to

assert its Comp Lien against any recovery against UIM benefits that might be achieved by Henry in this lawsuit…[30]

As the Court stated in the UIM case, the same remains true now: it is clear that "no statutory right of recovery for a workers' compensation lien against UIM insurance coverage" exists.[31]

Accordingly, Plaintiffs have no right to assert a lien over any potential UIM benefits Henry receives from Cincinnati.[32]

## V. CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

*/s/ Danielle J. Brennan*
**The Honorable Danielle J. Brennan**

cc:    All counsel through File&Serve

---

[30]    *Id.* (internal citations omitted)
[31]    *Id.* at 9.
[32]    As a result of the above finding, it is not necessary to do a review of the claims under the doctrine of *res judicata*.